# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY ZUNIGA, | 1:08-cv-0096 OWW DLB HC |
|       Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
|   v. | |
| MICHAEL MARTEL, | [Doc. 14] |
|       Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

Petitioner was convicted of sodomy by force, a lewd act with a child by force, and three counts of lewd acts with a child. A sentencing enhancement was found true. On May 16, 1997, the court sentenced Petitioner to a term of fifteen years to life on each count, to be served consecutively, but stayed the term imposed for the conviction of lewd acts with a child by force. (Lodged Doc. Nos. 1-2.)

The California Court of Appeal, Fifth Appellate District, affirmed the judgment on January 13, 1999. (Lodged Doc. No. 2.) Petitioner did not seek review in the California

---

[1] As Respondent submits, Michael Martel is the current Warden of Mule Creek State Prison, where Petitioner is presently incarcerated. As such, Warden Martel has day-to-day control over Petitioner, and is the proper Respondent to be named in this action. Accordingly, Michael Marte is substituted in place of Warden Subia. Fed. R. Civ. P. 25(d); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

1  Supreme Court.

2  However, Petitioner filed three pro se state post-conviction collateral petitions.  The first
3  petition was filed on March 26, 2007, in the Kings County Superior Court.  (Lodged Doc. No. 3.)
4  The petition was denied on April 24, 2007.  (Lodged Doc. No. 4.)

5  Petitioner filed the second petition for writ of habeas corpus on May 16, 2007, in the
6  California Court of Appeal, Fifth Appellate District.  (Lodged Doc. No. 5.)  The petition was
7  denied on May 31, 2007.  (Lodged Doc. No. 6.)

8  The third petition for writ of habeas corpus was filed on June 14, 2007, in the California
9  Supreme Court.  (Lodged Doc. 7.)  The petition was denied on November 28, 2007.  (Lodged
10 Doc. No. 8.)

11 Petitioner filed the instant federal petition for writ of habeas corpus on December 26,
12 2007, and an amended petition on March 3, 2008. (Court Docs. 1, 9.)

13 On Respondent filed a motion to dismiss based on a violation of the one-year statute of
14 limitations under 28 U.S.C. § 2244(d).  (Court Doc. 14.)  Petitioner filed an opposition on June
15 20, 2008, and Respondent filed a reply on July 1, 2008.  (Court Docs. 18, 19.)

16                                      DISCUSSION

17 A.    Procedural Grounds for Motion to Dismiss

18 Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
19 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
20 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

21 The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
22 if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
23 the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
24 (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
25 v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
26 motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
27 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
28 response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

1  Supp. at 1194 & n. 12.

2  In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
3  2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion
4  to dismiss pursuant to its authority under Rule 4.

5  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

6  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
7  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
8  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
9  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118
10 S.Ct. 586 (1997).  The instant petition was filed on December 26, 2007, and thus, it is subject to
11 the provisions of the AEDPA.

12 The AEDPA imposes a one year period of limitation on petitioners seeking to file a
13 federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,
14 subdivision (d) reads:

15    (1)  A 1-year period of limitation shall apply to an application for a writ of
     habeas corpus by a person in custody pursuant to the judgment of a State court.
16   The limitation period shall run from the latest of –

17       (A) the date on which the judgment became final by the conclusion of
     direct review or the expiration of the time for seeking such review;
18
         (B) the date on which the impediment to filing an application created by
19   State action in violation of the Constitution or laws of the United States is
     removed, if the applicant was prevented from filing by such State action;
20
         (C) the date on which the constitutional right asserted was initially recognized
21   by the Supreme Court, if the right has been newly recognized by the Supreme Court and
     made retroactively applicable to cases on collateral review; or
22
         (D) the date on which the factual predicate of the claim or claims
23   presented could have been discovered through the exercise of due diligence.

24    (2) The time during which a properly filed application for State post-
     conviction or other collateral review with respect to the pertinent judgment or
25   claim is pending shall not be counted toward any period of limitation under this
     subsection.
26

27 In most cases, the limitation period begins running on the date that the petitioner's direct
28 review became final.  Here, the California Court of Appeal affirmed the judgment on January 13,

3

1999. (Lodged Doc. No. 2.)  Thus, direct review became final on February 22, 1999, when the forty (40) day period for seeking review in the California Supreme Court expired.  California Rules of Court, rules 24 and 28.[2]  Petitioner would have one year from February 23, 1999, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)  Therefore, the statute was set to expire on February 22, 2000, plus any time for tolling.

C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167 (2001).

Here, Petitioner did not file any state post-conviction petitions within the one-year

---

[2] These rules have been amended and renumbered rule 8.264 and 8.500.

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

4

1  limitations period, as the first state post-conviction collateral petition was not filed until March
2  2007.  Once the statute of limitations has expired, a collateral action cannot revive it.  Jiminez v.
3  Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000)
4  (Petitioner is not entitled to tolling where the limitations period has already run); see also
5  Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.
6  Cal.2002).  As a consequence, the statute of limitations commenced on February 23, 1999, and
7  expired one-year later on February 22, 2000, and the instant petition is untimely.

8        In his opposition, Petitioner raises the single contention that he is entitled to a later start
9  date of the one-year statute of limitations period under 28 U.S.C. § 2244(d)(1)(C)'s newly
10 recognized retroactive right provision based on the decision in Cunningham v. California, 549
11 U.S. 270 (2007), and Respondent is in default for failing to file an answer addressing the merits
12 of his petition.  (Opposition, at 2.)  Petitioner's claims are without merit.

13      Section 2244(d)(1)(C) provides that the limitations period shall run from "the date on
14 which a constitutional right asserted was initially recognized by the Supreme Court, if the right
15 has been newly recognized by the Supreme Court and made retroactively applicable to cases on
16 collateral review."   The Ninth Circuit recently reiterated that in order to determine whether
17 existing precedent dictated that California's DSL was inconsistent with the Sixth Amendment
18 right to a jury trial, the Court must "'ascertain the legal landscape as it . . . existed'" before
19 February 22, 1999, the date Petitioner's conviction became final in this case.  Butler v. Curry,
20 528 F.3d 624, 634 (9th Cir. 2008).

21      In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Supreme Court
22 overturned a sentencing scheme that allowed a state judge to enhance a defendant's penalty
23 beyond the prescribed statutory maximum upon finding, by a preponderance of the evidence, that
24 the defendant "acted with a purpose to intimidate an individual or group of individuals because
25 of race, color, gender, handicap, religion, sexual orientation, or ethnicity."  Apprendi v. New
26 Jersey, 530 U.S. at 469.  The Supreme Court reversed, holding that "any fact that increases the
27 penalty for a crime *beyond the prescribed statutory maximum* must be submitted to jury, and
28 proved beyond a reasonable doubt."  Id. at 490. (Emphasis added.)  Apprendi was issued on June

24, 2000, after Petitioner's conviction became final and announced a new rule. Jones v. Smith, 231 F.3d 1227, 1236 (9th Cir. 2000). Apprendi has been held to not apply retroactively to convictions, as in this case, that were already final at the time it was decided. United States v. Sanchez-Cervantes, 282 F.3d 664, 666-667 (9th Cir. 2002). In addition, the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, created a new rule of criminal procedure, which was not clearly established prior to June 24, 2004, and does not apply retroactively to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1034 (9th Cir. 2005); Simpson v. United States, 376 F.3d 769, 680-681 (7th Cir. 2004); United States v. Price, 400 F.3d 844, 845-849 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005).

Therefore, because Petitioner's conviction became final on February 22, 1999, prior to the holding in Apprendi, and its progeny, Petitioner cannot seek relief based on the rule announced therein. As a result, Petitioner is not entitled to a later start of the statute of limitations under section 2244(d)(1)(C) based on the Supreme Court's ruling in Cunningham.

D.      Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Here, the Court finds no reason to equitably toll the limitations period.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss the instant petition for writ of habeas corpus be GRANTED; and,

2.      The instant action be dismissed with prejudice for a failure to comply with the

1  one-year statute of limitations as set forth in 28 U.S.C. § 2244(d).

2  This Findings and Recommendation is submitted to the assigned United States District
3  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
4  the Local Rules of Practice for the United States District Court, Eastern District of California.
5  Within thirty (30) days after being served with a copy, any party may file written objections with
6  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
7  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
8  and filed within ten (10) court days (plus three days if served by mail) after service of the
9  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
10 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
11 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
12 Cir. 1991).

13  IT IS SO ORDERED.

14  Dated:  **July 17, 2008**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE